IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

TALYSIA POP, individually and on behalf of all others similarly situated,

*Plaintiff*,

*v*.

SOUTHSTAR ENERGY SERVICES LLC, d/b/a Georgia Natural Gas, a Delaware registered company,

*Defendant*.

Case No. 1:25-cv-1348

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT**

Plaintiff Talysia Pop ("Plaintiff" or "Pop") brings this Class Action Complaint and Demand for Jury Trial against Defendant SouthStar Energy Services, LLC d/b/a Georgia Natural Gas ("Defendant" or "Georgia Natural Gas") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Pop, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Talysia Pop is a resident of Indianapolis, Indiana.

2. Defendant Georgia Natural Gas is a Delaware registered corporation headquartered in Atlanta, Georgia. Defendant Georgia Natural Gas conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant makes calls to individuals in this District such as the Plaintiff who has a 317 Indiana area code number.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including the receipt of the unlawful calls to the Plaintiff while residing in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.8 billion robocalls were placed in May 2025 alone, at a rate of 155.8 million per day. www.robocallindex.com (last visited June 17, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant SouthStar Energy Services LLC operates using the d/b/a Georgia Natural Gas in Georgia:

© SouthStar Energy Services LLC D/B/A Georgia Natural Gas 2023
March 1, 2023

GNG-1749
T-43844

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://gng.com/terms/service

15. SouthStar Energy Services LLC operates natural gas pipelines throughout parts of the US.[4]

16. Georgia Natural Gas is the trade name used by SouthStar Energy Services LLC to provide gas energy services to consumers in Georgia.

17. Georgia Natural Gas places notification calls to its consumers.

18. Georgia Natural Gas places pre-recorded calls to consumers when notifications need to be shared.

19. Consumers have posted online about pre-recorded calls that they received from Georgia Natural Gas, including:


More Info on (877) 850-6200

Typical Messages

please have ****. Contact us at (888) 807-1297 as soon... See more

Please have **** contact us at 888-807-1297. As soon as... See more

This is Georgia Natural Gas calling about your account. If... See more

[5]

[4] https://www.linkedin.com/company/georgia-natural-gas/about/
[5] https://directory.youmail.com/phone/877-850-6200



[6]

- "Harassment via repeated daily phone calls. In the tune of 5 plus daily. I have log of their robo calls. Plus voicemail to back up their calls."[7]
- "I have been getting multiple calls & voice messages from Georgia Natural Gas. I have answered several times & get a pre-recorded voice message about an attempt to collect a debt from me. I sit through the whole thing & after 15 minutes on hold w/ no live person, I was done. My credit is excellent & I have no unpaid bills according to the 3 credit bureaus..."[8]

20. Defendant Georgia Natural Gas knowingly places pre-recorded calls to consumers, including individuals with new or recycled cell phone numbers, without obtaining their consent, as experienced by Plaintiff.

21. In response to these calls, Plaintiff Pop brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF POP'S ALLEGATIONS**

22. Plaintiff Pop resides in Indianapolis, Indiana.

---

[6] https://directory.youmail.com/phone/888-807-1297
[7] https://www.bbb.org/us/wi/manitowoc/profile/collections-agencies/Georgia Natural Gas-inc-0694-7001006/complaints?page=7
[8] Id.

23. Plaintiff Pop is the sole owner and user of her cell phone number beginning with an area code of 317 and ending in 4537.

24. Plaintiff Pop has owned this cell phone number since mid-2022.

25. On July 19, 2022 at 10:01 AM, Plaintiff Pop received a call to her cell phone from 888-807-1297.

26. This call was not answered, but a pre-recorded voicemail was left:



[9]

27. Plaintiff Pop could tell that the voicemail is pre-recorded because the voice in the message sounds automated/robotic, the robotic voice changes when stating Linda Ballenger Gallup, as well as when stating the date, and because she received an identical pre-recorded voicemail as will be described below.

28. The voicemail clearly states that it is from Georgia Natural Gas.

29. 888-807-1297 is owned/operated by Georgia Natural Gas:

---

[9] https://www.dropbox.com/scl/fi/jw9794pjchfd4tq6alsit/July-19-2022.m4a?rlkey=4g0eyqpcsobi87f88v6prg0v4&dl=0

**Seasonal Restrictions (Residential Only)** During the period from November 15 through March 15, we will not disconnect gas service for pas service charge amounts if you do the following:(a.) Agree in writing to pay the past due balance for your gas service charge amounts, incluc customer charges, in equal installments for a maximum duration beginning with the first billing period after March 15 and concluding prior to following October 15.

**AND**

(b.) Agree in writing to pay all bills for your gas service charge amounts by their due date for current service received after said agreement.

If you do not comply with those agreements and your account becomes delinquent, the gas service disconnection process will resume.

If you desire to enter into a written agreement as set forth above, you must contact GNG prior to disconnection by calling +1-888-807-1297.)

30. On March 23, 2023 at 11:37 AM, Plaintiff Pop received another call to her cell phone from 888-807-1297.

31. This call was not answered, but a pre-recorded voicemail was left:



[11]

32. Plaintiff Pop could tell that the voicemail is pre-recorded because the voice in the message sounds automated/robotic, the robotic voice changes when stating Linda Ballenger Gallup, as well as when stating the date, and because she received an identical pre-recorded voicemail on July 19, 2022.

---

[10] https://gng.com/terms/service

[11] https://www.dropbox.com/scl/fi/6oj1aizgroqnst8h37whm/March-23-2023.m4a?rlkey=qgvzoq3puxwu20ima9zhf7v77&dl=0

33. Plaintiff Pop has never done business with Georgia Natural Gas or any of its affiliated trade names.

34. Plaintiff Pop never provided consent to Georgia Natural Gas to receive pre-recorded calls to her cell phone.

35. The unauthorized telephone calls and voicemails that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Pop in the form of annoyance, nuisance, and invasion of privacy, occupied her phone memory, and disturbed the use and enjoyment of her phone.

36. Seeking redress for these injuries, Plaintiff Pop, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

37. Plaintiff Pop brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

38. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated

and/or released. Plaintiff Pop anticipates the need to amend the Class definition following appropriate discovery.

39. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff Pop will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Pop has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Pop and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Pop nor her counsel have any interest adverse to the Class.

42. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Pop. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Pop and the Pre-recorded No Consent Class)**

43. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

44. Defendant transmitted unwanted telephone calls to Plaintiff Pop and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

45. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

46. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Pop requests a jury trial.

TALYSIA POP, individually and on behalf of all others similarly situated,

DATED this 8th day of July 2025.

By: /s/ Eric C. Bohnet
Eric C. Bohnet
Attorney at Law
6617 Southern Cross Dr.
Indianapolis, IN 46237
317-750-8503
ebohnet@gmail.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.

237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*